```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                     3:00CR222-03-MU
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | <u>ORDER</u> |
| | ) | |
| **QUENTIN JERROD SNEAD,** | ) | |
|     **Defendant.** | ) | |
| _____ | ) | |

      **THIS MATTER** comes before the Court on the defendant's "Motion [T]o [B]e [R]elieved [F]rom [F]inal [J]udgement [P]ursuant [T]o Rule 60(b)(6) [O]f [T]he Federal Rules [O]f Civil [P]rocedure," filed March 17, 2006.

      A review of the defendant's Motion reveals that he is attempting to have his sentence vacated on the alleged ground of "prosecutorial misconduct." In particular, the defendant complains that although he testified for the government against another individual, the government failed to seek a reduced sentence for him. Suffice it to say, however, the defendant's Motion must be <u>denied</u>.

      Indeed, the defendant has filed this civil Motion in his criminal case. However, since this civil remedy is inapplicable in the criminal context and the defendant does not have a civil case which is currently pending with this Court, he cannot possibly obtain any relief on this Motion.

      Moreover, inasmuch as the defendant's Motion is a <u>de facto</u>

motion for <u>habeas</u>-type relief, the same should have been filed under 28 U.S.C. §2255 within one-year of the date on which the defendant's convictions and sentence became final. Obviously, that did not occur; therefore, the instant Motion will be <u>denied</u>.

**SO ORDERED.**

Signed: April 4, 2006

Graham C. Mullen
United States District Judge