# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-125-GCM
# (3:00-cr-222-GCM-3)

| | |
|---|---|
| QUINTIN JERRAD SNEAD, | )<br>) |
| Petitioner, | )<br>) |
| vs. | )     **ORDER** <br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | )<br>)<br>) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on his two Supplements to the Motion to Vacate, (Doc. Nos. 3; 12), and on the Government's Response, (Doc. No. 17). Petitioner is represented by Ann L. Hester of the Federal Defenders of Western North Carolina.

## I. BACKGROUND

Petitioner Quintin Jerrad Snead seeks relief under 28 U.S.C. § 2255 from his enhanced sentence under the Controlled Substances Act, contending that the predicate offense used to enhance his sentence no longer qualifies as a felony conviction in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In its Response, the Government asserts that Petitioner's sentence was subject to a mandatory minimum term of imprisonment based on a prior conviction that is no longer a qualifying felony under Simmons. The Government states that Petitioner is, therefore, entitled to be resentenced without application of a mandatory

minimum sentence. Furthermore, the Government has waived the statute of limitations so that this Court may address the merits of Petitioner's claim.

On November 8, 2000, the Grand Jury for the Western District of North Carolina charged Petitioner with conspiracy to possess with intent to distribute fifty or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and possession with intent to distribute crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Criminal Case No. 3:00-cr-222, Doc. No. 3: Superseding Indictment). Following Petitioner's indictment, the Government filed an Information, in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek an enhanced sentence based on Petitioner's 1994 North Carolina conviction for felony possession of cocaine. (Id., Doc. No. 19: Notice of Intention to Seek Enhanced Penalties). On October 2, 2001, Petitioner pled guilty in this Court, pursuant to a written plea agreement, to both the drug conspiracy and the substantive drug offense. (Id., Doc. No. 55: Plea Agreement; Doc. No. 56: Acceptance and Entry of Guilty Plea).

In preparation for sentencing, the probation officer prepared a presentence investigation report ("PSR"), calculating a guidelines range of 108 to 135 months in prison, based on a total offense level of 29 and a criminal history category of III. (Doc. No. 4-1 at 15: PSR). The probation officer noted, however, that Petitioner faced a statutory, mandatory minimum sentence of 240 months in prison in light of the Government's § 851 notice. (Id.). Consistent with the PSR, this Court sentenced Petitioner to 240 months in prison, entering its judgment on April 12, 2002. (Criminal Case No. 3:00-cr-222, Doc. 91: Judgment). Petitioner did not appeal.

On February 24, 2012, Petitioner filed the instant motion to vacate, arguing that, under Simmons, his prior state court conviction for felony possession of cocaine did not qualify as a

3

predicate conviction for purposes of 21 U.S.C. § 851, because he could not have received a sentence of more than one year in prison for that conviction. Petitioner contends that he is, therefore, entitled to be resentenced without application of a 240-month mandatory minimum sentence.

On December 21, 2012, through counsel, Petitioner filed a supplement to the motion to vacate in which he seeks additional, alternative relief under 28 U.S.C. § 2241, and the writs of coram nobis and audita querela. (Doc. No. 3). On June 17, 2013, the Court stayed this action pending the decision of the Fourth Circuit Court of Appeals in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), in which the Fourth Circuit held that Simmons is a substantive rule of law that is retroactively applicable on collateral review. (Doc. No. 10). On September 17, 2013, again through counsel, Petitioner filed another supplement to the motion to vacate and a motion to lift the stay. (Doc. Nos. 11; 12). On the same day, the Court lifted the stay and ordered the Government to respond. (Doc. No. 14). On December 24, 2013, after receiving an extension of time, the Government filed a response brief in which the Government states that Petitioner is entitled to be resentenced without application of a mandatory minimum sentence. (Doc. No. 17).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255(f)(1), a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, Petitioner did not file the petition within one year of when his conviction became final. Thus, the petition is untimely under § 2255(f)(1). Furthermore, none of the other provisions under § 2255(f) applies to render the petition timely in this case. In light of Simmons, however, Respondent states that it is waiving the statute of limitations.

Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, under Simmons, for purposes of a qualifying predicate conviction under Section 841(b)(1), a predicate conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

This Court enhanced Petitioner's sentence based on his prior North Carolina conviction for possession of cocaine, a Class I offense under the North Carolina Structured Sentencing Act. (Doc. No. 3-1). At the time of his conviction, Petitioner had a prior record level of II and,

5

therefore, faced a maximum sentence of eight months in prison. (Id.). Therefore, Petitioner's prior conviction for possession of cocaine does not qualify as a "felony drug offense" because it was not punishable by more than one year in prison.

Without the enhancement based on Petitioner's prior conviction, Petitioner's otherwise applicable Guidelines range would have been 108-135 months.[1] Respondent states that because the application of that mandatory minimum deprived the Court of discretion to sentence Petitioner to a term of less than 240 months, the 240-month mandatory minimum was a violation of the due process clause as established in Hicks v. Oklahoma, 447 U.S. 343 (1980).[2] Respondent is, therefore, waiving the statute of limitations so Petitioner may be resentenced without consideration of the 240-month mandatory minimum sentence applied by this Court in sentencing Petitioner before Simmons was decided. In sum, because Respondent has expressly waived the one-year limitations period and has requested that this Court resentence Petitioner, this Court will grant the motion to vacate, and Petitioner shall be resentenced without application of the 240-month mandatory minimum.[3]

**IV. CONCLUSION**

For the reasons stated herein, the Court grants Petitioner's motion to vacate, and Petitioner shall be resentenced without application of the 240-month mandatory minimum.

---

[1] Petitioner further asserts that, applying the crack cocaine amendments, he would be at a total offense level of 23 and a criminal history category of III, and he would now be eligible for a guidelines range of 57 to 71 months imprisonment. (Doc. No. 3 at 2).

[2] The Supreme Court held in Hicks that the due process clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence.

[3] The Government is apparently also declining to enforce the waiver in Petitioner's written plea agreement of the right to challenge his sentence on any grounds other than ineffective assistance of counsel or prosecutorial misconduct. See (Criminal Case No. 3:00-cr-222, Doc. No. 55 at 4: Plea Agreement).

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

(1)        Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. Nos. 1; 3; 12), is **GRANTED;** and Petitioner shall be resentenced in accordance with this Order. The Clerk shall terminate as no longer pending the supplement to the motion to vacate designated as a pending motion in Docket No. 3.

Signed: December 30, 2013

*[Signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge